# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| STATE OF DELAWARE, | ) I.D. Nos. 1604009646, 1604013033 |
| | )      In and for Kent County |
| v. | ) |
| | ) RK16-05-0192-01 Drug Dealing (F) |
| DAVID PRESTON, | ) RK16-06-0130-01 PFDCF (F) |
| | ) |
| Defendant. | ) |

## COMMISSIONER'S REPORT AND RECOMMENDATION

### Upon Defendant's Motion for Postconviction Relief
### Pursuant to Superior Court Criminal Rule 61

Gregory R. Babowal, Esquire, Deputy Attorney General, Department of Justice, for the State of Delaware.

David Preston, *pro se.*

FREUD, Commissioner
October 12, 2018

The defendant, David Preston ("Preston"), pled guilty on April 4, 2017, after a jury had been picked in his case, to one count of Drug Dealing, 16 *Del. C.* § 4753(2) and one count of Possession of a Firearm During the Commission of a Felony, 11 *Del. C.* § 1447A. He was also facing one count of Drug Dealing Tier 4, six counts of Possession of Firearm Ammunition by a Person Prohibited, one count of Drug Dealing with Aggravating Factors, one count of Tier 5 Possession of Drug, two counts of Possession of Drug Paraphernalia, one count of Tier 1 Possession of Illegal

Drugs, one count of Resisting Arrest, two counts of Possession of Illegal Drugs, one count of Receiving Stolen Property, and one count of Possession of a Weapon with No Serial Number. *Nolle prosequis* were entered by the State on the additional charges in exchange for Preston's plea. The parties agreed to a recommended sentence of eleven years and four months Level V, suspended after serving three years and four months with credit for time served followed by one year probation. The Court agreed with the recommendation and sentenced Preston accordingly. Had he gone to trial and been found guilty of all charges Preston faced substantial jail time.

Preston did not appeal his conviction or sentence to the Delaware Supreme Court. Preston did file a motion for modification of his sentence which this Court denied.[1] Next he appealed the denial of his motion to the Delaware Supreme Court which affirmed this Court on December 11, 2017.[2] On April 3, 2018 he filed, *pro se*, a motion for postconviction relief pursuant to Superior Court Criminal Rule 61. The charges stemmed from an undercover drug investigation of Preston during which he sold drugs to undercover police officers and the execution of several search warrants which yielded large quantities of heroin and marijuana along with a number of firearms.

---

[1] *State v. Preston*, Del. Super., ID Nos. 1604009646, 1604013033, Witham, RJ (Aug. 3, 2017)(ORDER).

[2] *Preston v. State*, 2017 WL 63336903 (Del. Supr.).

2

## PRESTON'S CONTENTIONS

Next, Preston filed the instant Motion for Postconviction Relief pursuant to Superior Court Criminal Rule 61. In his motion, he raises the following grounds for relief:

Ground one: Lack of Jurisdiction.
The Superior Court of the State of Delaware is not a (sic) Article III court jurisdiction was challenged but never proven as required by law.

Ground two: Denial of Due Process.
As the court documents show on its face, the matter is a victimless crime and as a matter of due process and a (sic) essential part of the judicial process there must be an actual victim. Furthermore due to being incarcerated in spite of being innocnet until proven guilty the State thwart any attempt to establish a proper defense. The movant was unable to present his case effectively as there exist no opportunity for him to conduct both legal and factual investigations so that all appropriate defenses could've been raised which is fundamentally unfair.

Ground three: Illegal Search and Seizure.
Officers of Troop 3 State Police under sworn oath deliberately provided false information to establish probable cause. They stated that Frank Ramos, who is the homeowner of the resident (sic) which was search and who was present at the time of the executed search, gave consent for the search and that the Movant was taken into custody in the area which the evidence was located, both these claims were denied by Frank Ramos under oath at trial.

3

## DISCUSSION

Under Delaware law, this Court must first determine whether Preston has met the procedural requirements of Superior Court Criminal Rule 61(i) before it may consider the merits of his postconviction relief claim.[3] This is Preston's first motion for postconviction relief, and it was filed within one year of his conviction becoming final. Therefore, the requirements of Rule 61(i)(1) - requiring filing within one year and (2) - requiring that all grounds for relief be presented in the initial Rule 61 motion, are met. None of Preston's claims were raised at the plea, sentencing, or on direct appeal. Therefore, they are barred by Rule 61(i)(3), absent a demonstration of cause for the default and prejudice. Preston does not claim his attorney was ineffective; in fact, throughout most of the proceedings up until his guilty plea, Preston proceeded *pro se* and as the docket indicated filed numerous motions. Preston makes no argument for his failure to have raised his first or second claims earlier as such they are clearly procedurally barred. As to his third claim, Preston contends he did not raise the search and seizure issue due to a violation by the prosecution. However, he fails to substantiate this vague claim thus this claim is also procedurally barred. Furthermore, he waived all of his constitutional rights by entering his guilty plea, including the right to suppress evidence.[4] Preston chose to accept the State's plea offer and waive any argument on these issues.

As noted, Preston was facing the possibility of substantial time in prison had

---

[3] *Bailey v. State,* 588 A.2d 1121, 1127 (Del. 1991).

[4] *Smith v. State,* 2004 WL 120530 (Del. Supr.).

4

he been convicted, and the sentence and plea were reasonable under all of the circumstances, especially in light of the evidence against him. Prior to the entry of the plea, Preston and his attorney discussed the case. The plea bargain was clearly advantageous to Preston.

To the extent that Preston alleges his plea was involuntary, the record contradicts such an allegation. When addressing the question of whether a plea was constitutionally knowing and voluntary, the Court looks to a plea colloquy to determine if the waiver of constitutional rights was knowing and voluntary.[5] At the guilty-plea hearing, the Court asked Preston whether he understood the nature of the charges, the consequences of his pleading guilty, and whether he was voluntarily pleading guilty. The Court asked Preston if he understood he would waive his constitutional rights if he pled guilty; if he understood each of the constitutional rights listed on the Truth-in-Sentencing Guilty Plea Form ("Guilty Plea Form"); and whether he gave truthful answers to all the questions on the form. The Court asked Preston if he had discussed the guilty plea and its consequences fully with his attorney. The Court asked Preston if he was entering into the plea as he was guilty of the charges. The Court also asked Preston if he was satisfied with his counsel's representation. Preston answered each of these questions affirmatively.[6]

Furthermore, prior to entering his guilty plea, Preston signed a Guilty Plea

---

[5] *Godinez v. Moran*, 509 U.S. 389, 400 (1993).

[6] *State v. Preston*, Del. Super., ID Nos. 1604009646, 1604013033 (April 4, 2017) Tr. at 4-10.

Form and Plea Agreement in his own handwriting. Preston's signatures on the forms indicate that he understood the constitutional rights he was relinquishing by pleading guilty and that he freely and voluntarily decided to plead guilty to the charges listed in the Plea Agreement. Preston is bound by the statements he made on the signed Guilty Plea Form, unless he proves otherwise by clear and convincing evidence.[7] I confidently find that Preston entered his guilty plea knowingly and voluntarily and that Preston's grounds for relief are completely meritless.

## CONCLUSION

I find that Preston failed to raise any of his claims at the plea or on appeal and has not demonstrated cause for that failure; nor has he claimed any prejudice as a result of his claims. In fact, he has not alleged he is innocent. I also find that by entering the guilty plea he waived his claims. Additionally, I find that Preston's guilty plea was entered knowingly and voluntarily. I recommend that the Court ***deny*** Preston's motion for postconviction relief as procedurally barred and meritless.

/s/ Andrea M. Freud
Commissioner

AMF/dsc

---

[7] *Sommerville*, 703 A.2d at 632.

6